United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CALIFORNIA SERVICE EMPLOYEES HEALTH & WELFARE TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREENBOX SERVICES LLC, <br><br> Defendant. | Case No. 21-cv-02237-LB <br><br> **ORDER GRANTING LEAVE TO SERVE DEFENDANT BY MAIL** <br><br> Re: ECF No. 9 |

# INTRODUCTION

The plaintiffs, trustees of an ERISA plan, sued the defendant for unpaid contributions.[1] They tried to serve the defendant (unsuccessfully). They now want to serve the defendant by mail.[2] The court can decide the application without argument. Civil L.R. 7-1(b). The court grants the application.

---

[1] Compl. – ECF No. 1 6–7 (¶¶ 24–32). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Application – ECF No. 9 at 2–3.

ORDER – No. 21-cv-02237-LB

## STATEMENT

Greenbox Services' designated agent for service of process is James Harris, who is also Greenbox Services' Chief Executive Officer and President.[3] On April 6, 2021, the plaintiffs' process server went to Mr. Harris's listed address (149 South Roxbury Drive #205, Beverly Hills, CA) to serve him and observed that it appeared to be a residence. He knocked on the door to Mr. Harris's unit but got no response. The process server went to the same address twice more, on April 14 and April 18, and was unable to get an answer at the door or to serve Mr. Harris.[4]

The plaintiffs' process server also attempted to serve Mr. Harris at Greenbox Services' business address (9107 Wilshire Blvd. #450, Beverly Hills, CA 90210). On April 23, 2021, he went to the address, knocked, but got no answer. He tried again on April 26 but observed that the unit was completely empty. The process server was not able to serve Mr. Harris.[5]

## ANALYSIS

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual defendant using any method permitted by the law of the state in which the district court is located or in which service is effected. Fed. R. Civ. P. 4(e)(1). California law allows for five basic methods of service: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.*, § 415.20; (3) service by mail with acknowledgment of receipt, *see id.* § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and (5) service by publication, *see id.* § 415.50.

California Code of Civil Procedure § 413.30 also provides that a court "may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served." Courts in this district have authorized service by certified mail under § 413.30 when

---

[3] Application Ex. B – ECF No. 9-2.

[4] Do Decl. – ECF No. 10 at 2 (¶¶ 5–6).

[5] *Id.* at 2–3 (¶¶ 7–8).

repeated attempts at personal service were unsuccessful. *Floyd v. Saratoga Diagnostics, Inc.*, No. 20-CV-01520-LHK, 2020 WL 3035799, at *4 (N.D. Cal. June 5, 2020) (citing *Lagree Techs., Inc. v. Spartacus 20th L.P.*, No. 17-cv-00795-JST, 2017 WL 1374598, at *1 (N.D. Cal. Apr. 17, 2017)). Courts have also construed § 413.30 as authorizing service by email where email service "is reasonably calculated to give actual notice to the party to be served," particularly where there is evidence that the defendant is evading service. *See, e.g.*, *Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011) (quoting Cal. Civ. Proc. Code § 413.30); *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, C 13-80246 WHA, 2014 WL 1877547, at *2–3 (N.D. Cal. May 9, 2014).

Greenbox Services, as an LLC, is an unincorporated association. Cal. Corp. Code § 18035(a). A plaintiff may serve an unincorporated association by delivering a copy of the summons and the complaint to "the person designated as agent for service of process in a statement filed with the Secretary of State." Cal. Civ. Proc. Code § 416.40. Where the designated agent cannot with reasonable diligence be found at the designated address, California Corporations Code § 18220 permits the court to authorize service "by delivery of a copy of the process to one or more the association's members . . . and by mailing a copy of the process to the association at its last known address."

Here, the plaintiffs tried to serve Mr. Harris, the agent for service of process, by going to his listed address three times and Greenbox Services' business address twice, to no avail.[6] Now they want to serve Greenbox Services by mailing a copy of the summons and complaint to the designated agent and to Greenbox Services at Greenbox's last known business address.[7] Section 18220 permits mailing the process to the association's business address but requires "delivery" to the association's member — either via personal service or another method of service authorized under the California Code of Civil Procedure. In light of the fact that the plaintiffs have already tried to serve the agent in person, the court authorizes service to Greenbox Services by certified

---

[6] Application – ECF No. 9 at 2–3.

[7] Prop. Order – ECF No. 11 at 2.

ORDER – No. 21-cv-02237-LB    3

1 mail. If the plaintiffs are able to obtain an email address for the agent, the court also authorizes
2 services by email.

## CONCLUSION

The court grants the application.

**IT IS SO ORDERED.**

Dated:

_____
LAUREL BEELER
United States Magistrate Judge